**Carolyn TUFT and Pulitzer Publishing Company, Appellants/Cross–Respondents,**

**v.**

**CITY OF ST. LOUIS, Respondent/Cross–Appellant.**

Nos. 68842, 68872.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Case Transferred to Supreme Court Sept. 17, 1996.

Case Retransferred to Court of Appeals Jan. 21, 1997.

Original Opinion Reinstated Jan. 28, 1997.

**14.** *Shepherd v. Consumers Cooperative Association,* 384 S.W.2d 635, 640 (Mo. banc 1964).

**15.** *Id.*

**16.** *Sumners,* 701 S.W.2d at 724.

Mary B. Schultz, Robert B. Hoemeke, St. Louis, for appellant.

Michael Garvin, St. Louis, for respondent.

CRAHAN, Presiding Judge.

Plaintiffs Carolyn Tuft and Pulitzer Publishing Company (collectively "Reporter") and Defendant City of St. Louis ("City") cross appeal a judgment releasing certain portions of a settlement agreement between City and one of its employees. Reporter urges that the entire agreement must be made public pursuant to the provisions of the Open Meetings and Records Act, §§ 610.010 *et seq.* RSMo 1994.[1] City urges that the entire agreement is exempt from disclosure pursuant to §§ 610.021(1) and (13). We hold that the entire agreement is exempt from disclosure under § 610.021(1) and therefore affirm in part and reverse in part.

█ The case below was decided on Reporter's motion for judgment on the pleadings. Although City challenges the propriety of judgment on the pleadings on the basis that there were material factual issues necessitating a trial, City admitted in its Answer every factual allegation asserted in the Petition and did not assert any additional facts by way of defense. Accordingly, it was appropriate for the trial court to decide the case on the pleadings.

The undisputed facts are as follows. Rodney Dreifuss ("Employee") worked for City as Chief of Emergency Medical Services ("EMS"). On August 22, 1994, he was demoted amid accusations that while at a party, he offered two female subordinates cash if they would bare their breasts. Employee denied the allegations and sought an administrative hearing before the Civil Service Commission. Prior to any hearing, Employee and City reached a settlement agreement. Pursuant to this agreement Employee left City employment on January 3, 1995.

Carolyn Tuft, a reporter for the *St. Louis Post–Dispatch*, learned a settlement had been reached. On December 13, 1994, Ms. Tuft wrote a letter to the Deputy City Counselor requesting the following information pursuant to the Open Meetings and Records Act, §§ 610.010 *et seq.* RSMo 1994.

1. Is Mr. Driefuss currently on the city payroll?

2. If so, what is his status (is he on sick leave, disability or back at work)?

3. If not, when did he terminate employment?

4. Is there a hearing on his appeal over his demotion set? If so, when and where?

5. Has a settlement been reached between the City of St. Louis and Mr. Dreifuss? If so, what are the details?

The Deputy City Counselor replied by letter that information responsive to the first three questions could be obtained from the Comptroller's Payroll Section subject to the exceptions of § 610.021(13). The letter stated that the hearing on the appeal had been continued, to be reset upon application of either party. No response was given to the fifth question on the grounds that such disclosures were closed pursuant to §§ 610.021(1), (3) and (13). Reporter subsequently brought an action in equity to force disclosure of the settlement agreement and recover costs and reasonable attorney's fees.

After reviewing the agreement *in camera,* the trial court held that the paragraphs of the agreement which relate to compensation for Employee and the circumstances of his

---

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

termination must be released. The paragraphs which pertain to the legal relationship between City and Employee and potential further litigation involving the City and Employee were ordered to remain confidential. The trial court also issued a stay of its order pending appeal and the agreement was filed under seal in this court. City, however, has commendably provided a copy of the agreement to Reporter's attorneys under a nondisclosure agreement to permit full briefing of the issues presented.

■■■ City concedes that the settlement agreement is a public record as defined by § 610.010(6) of the Open Meetings and Records Act. What is at issue is whether the agreement is covered by one of the express exemptions under the Act. It is the public policy of this state that meetings, records, votes of public governmental bodies be open to the public. *Librach v. Cooper,* 778 S.W.2d 351, 353 (Mo.App.1989). The statute shall be liberally construed and its exceptions strictly construed to promote this public policy. *Id.* In view of City's concession that the settlement agreement is a public record, it bears the burden of persuasion "to demonstrate compliance with the requirement of the [Act]." *Id.;* § 610.027(2).

■ City argues that the agreement falls under two statutory exemptions. The first, § 610.021(1) authorizes the closure of records to the extent they relate to:

> Legal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys. However, any minutes or vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon;
>
> . . . .

City urges that the settlement agreement was related to both Employee's pending appeal of his demotion and a lawsuit filed by one of employee's subordinates who made the original allegations against him. There is no indication whether this subordinate's suit had been filed at the time the trial court issued its order. However, the agreement itself expressly contemplates the possibility of additional litigation that could be instituted against both City and Employee. The trial court agreed with City's argument, allowing the sections of the settlement agreement pertaining to the future legal relationship between City and Employee and future potential litigation to remain closed.

Reporter urges that the agreement in this case is indistinguishable from the agreement this court ordered to be disclosed in *Librach.* In that case, a school board had refused to disclose a negotiated agreement providing for the departure of the superintendent prior to the expiration of the term specified in his employment contract. Among the grounds offered in defense of its refusal to disclose the agreement was § 610.021(1), set forth above. The Board did not claim, however, that the agreement pertained to "[l]egal actions, causes of action or litigation involving a public governmental body . . . ," which is the portion of the statute at issue in this appeal. Indeed, there is no indication in the opinion of any pending or even threatened litigation between the school board and the superintendent. Rather, the school board claimed that the agreement was exempt because it pertained to "confidential . . . communications between a public governmental body . . . and its attorneys." We held that the final agreement between the school board and the superintendent was not a communication between the board and its attorneys and thus ruled the exception of § 610.021(1) inapplicable. 778 S.W.2d at 354. We find nothing in *Librach* that provides any guidance on the proper scope or application of the litigation exception, which was never an issue in that case.

Reporter observes, however, that the court in *Librach* emphasized that the terms of the agreement between the school board and the superintendent were neither unusual nor atypical. 778 S.W.2d at 355. Reporter maintains that the terms of the settlement agreement at issue in this case are likewise neither unusual nor atypical and should therefore be disclosed. We disagree. We find nothing in *Librach* which suggests that the proper test for disclosure under the Open Meetings and Records Act is whether the

terms of the document are usual or typical. Nor is there any language in the statute that would even remotely support such a construction. Viewed in its proper context, the court's observation in *Librach* was made in response to the school board's contention that closure of the agreement was necessary to protect the candid discussion of the board in considering personnel actions, exempted from disclosure pursuant to 610.021(3), and to protect employee privacy. 778 S.W.2d at 354–55. In rejecting that contention, the court emphasized that the terms of the agreement were neither atypical nor unusual, and thus were unlikely to reveal the board's thought processes or unduly infringe upon the employee's legitimate privacy interests. *Id.* City does not rely upon § 610.021(3) in this appeal. City relies on § 610.021(1) and (13), which must be applied according to their express terms, not on the basis of whether the terms of the agreement are usual or typical.

Reporter next contends that the litigation exception of § 610.021(1) does not exempt the settlement agreement at issue because: (1) it applies only to pending litigation, not to potential future litigation between City, Employee and other third parties; and (2) the litigation between City and Employee has been terminated, thereby requiring disclosure of the agreement as minutes or a vote relating to litigation. Neither argument has merit.

 Reporter's contention that § 610.021(1) only applies to pending litigation as opposed to potential litigation fails to give meaning to all of the terms used in the statute. "[T]he general rules of statutory construction require that meaning be given to each word used in the legislative enactment, insofar as possible and one word of the statute should not be considered a needless repetition of another." *Lora v. Director of Revenue*, 618 S.W.2d 630, 633 (Mo.1981); *J.S. DeWeese Co. v. Hughes–Treitler Mfg. Corp.*, 881 S.W.2d 638, 643 (Mo.App.1994). Section 610.021(1) exempts from disclosure meetings and records pertaining to "legal actions, causes of action or litigation." If the legislature had intended to mandate the disclosure of meetings and records pertaining

only to cases where a petition had been filed, there would be no need to include "legal actions" or "causes of action" along with "litigation." Merely exempting "litigation" would have sufficed. Further, the term "cause of action," as generally used and understood, means the claim or general subject matter upon which an action may be maintained, and thus is not limited to cases in which a petition is filed. *Estate of Ingram v. Rollins*, 864 S.W.2d 400, 403 (Mo.App.1993). Indeed, application of the statute of limitations frequently turns upon when a cause of action accrues, which necessarily predates filing.

Reporter's interpretation also does not make sense from a policy standpoint. If Reporter is correct, a governmental body would have to disclose all meetings and records regarding a potential cause of action until such time as a suit has been filed. This could effectively eliminate the possibility of settlement prior to a lawsuit. Hypothetically, if the city was negotiating with an individual to which it may be liable, until a claim was filed opposing counsel would be entitled to the minutes and records of any meetings where settlement of the case was discussed by non-lawyer city personnel. This in turn would have a chilling effect on the ability of public bodies to settle cases before substantial expenses are incurred. As City contends, it is more likely that the legislature intended to allow closure of meetings and documents relating to the legal affairs of a public body whether they involve current or potential litigation.

Reporter places great emphasis on the statutory and decisional declarations that it is the public policy of this state that records of public governmental bodies be open to the public and that exceptions are to be narrowly construed to promote that policy. *See, e.g.,* §§ 610.011.1, .2; *Librach,* 778 S.W.2d at 353. Reporter asserts that this policy is of utmost importance where the records involved may reflect expenditure of taxpayer funds and benefits to a high-ranking public employee after he was removed from office following charges of sexual misconduct. Reporter fails to acknowledge, however, that the taxpayer also foots the bill for extended litigation as

well as any judgment that might ultimately be rendered against the City. Section 610.021(1) thus represents the Legislature's view of the proper balance between competing policies: the policy of openness and the policy of conserving public resources. Settlements have long been a favorite of the law and an agreement not to disclose the terms of the settlement is often an important factor in achieving a settlement in the first place. Otherwise, a party accused of wrongdoing might feel compelled to carry on the litigation in order to clear his name and to avoid the public perception of "giving in," thus wasting valuable public resources and presenting a risk, of whatever degree, that a judgment could be entered against the City. Ultimately, the issue is one of legislative intent. In view of the broad language employed in § 610.021(1) exempting records that relate to legal actions, causes of action and litigation, we discern no legislative intent to deprive governmental bodies of the same valuable settlement techniques available to and prized by other litigants, which include agreements to maintain confidentiality with respect to the terms of settlement.

■ Reporter correctly urges that, taken to extremes, virtually any controversial matter could be the subject of potential litigation and thus cited as a basis for closing virtually any record. Such an open ended application of the litigation exception would indeed be inconsistent with the requirement that exceptions to the Act be strictly construed. Where the justification offered is potential as opposed to pending litigation, the governmental body should properly bear a heavy burden of demonstrating both a substantial likelihood that litigation may occur and a clear nexus between the document sought and the anticipated litigation. City has satisfied that burden in this case. The alleged conduct of Employee is clearly the sort that could be expected to prompt the victims to file suits against both Employee and the City. The agreement also contains specific provisions concerning the defense of any lawsuits that may be filed by third parties against Employee, EMS or the City. From the face of the agreement and the facts alleged by Reporter, it is clear that City's concern about potential litigation is neither hypothetical nor pretextual.

Continuing with her erroneous premise that potential litigation does not fall within the exemption of § 610.021(1), Reporter urges that the entire agreement must therefore be disclosed because the agreement terminates all litigation between City and Employee. As authority for this contention, Reporter relies on the provision of § 610.021(1) which provides "... however, any minutes or vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon; ..."

■ Under Reporter's interpretation of the Act, the term "vote" should be interpreted as any decision made and all documents related to that decision. In support of this position, Reporter cites *Attny Gen. OP. No.30–88*. This opinion considered whether a political subdivision that had voted to accept a settlement agreement resolving pending litigation could withhold the agreement as a closed record. Citing the Act's stated policy of liberal interpretation, the Attorney General opined that the term "vote" as used in § 610.021(1),

> should be understood to include the proposition voted upon, any matter or material incorporated or referred to within the proposition, and a means of discerning how each member of the public governmental body cast his vote, all of which would be available to someone attending a public meeting.

■ City does not quarrel with the opinion of the Attorney General, but rather argues that the instant case is dissimilar as no vote was taken on whether to reach a settlement with Employee. Likewise we deem it unnecessary to determine whether the opinion of the Attorney General is correct because it is undisputed that the agreement was never the subject of a vote. Nor can the agreement be considered "minutes" under any ordinary construction of the term. The primary rule of statutory construction is to ascertain the legislative intent from the statute's language, to give effect to that intent if possible, consider the words in their plain and ordinary meaning, and when the lan-

guage is unambiguous, the reviewing court is afforded no room for construction. *Brownstein v. Rhomberg–Haglin & Assoc. Inc.*, 824 S.W.2d 13, 15 (Mo. banc 1992). The terms "vote" and "minutes" are not ambiguous and the settlement agreement is neither a vote nor minutes. If the legislature intended that settlement agreements not required to be the subject of a public vote be disclosed, it presumably would have said so. Reporter's interpretation of "minutes or vote" as including a settlement agreement would be more than a liberal construction, it would amount to a substantial expansion of the statute. This is beyond our province. Accordingly, we hold that the settlement agreement in this case is exempt from disclosure by virtue of § 610.021(1) because it clearly relates to legal actions, causes of action and litigation. Reporter's contrary points on appeal are therefore denied.

██ In its first point on cross-appeal City contends that the trial court erred by ordering certain portions of the settlement agreement released because the agreement as a whole related to Employee's cause of action against City and potential litigation against City by Employee's accusers. The trial court ordered the release of the paragraphs in the settlement agreement which did not specifically address potential litigation between City and Employee. In so doing, the court specifically relied on *Librach, supra,* for the proposition that the public has the right to know the terms of compensation for Employee and the circumstances under which Employee was terminated. This is a misreading of *Librach.*

*Librach* considered whether the separation agreement was exempt from disclosure under any of three specific exemptions: the exemption for confidential or privileged communications between a governmental body or its representatives and its attorneys found in § 610.021(1); the exemption pertaining to hiring, firing, disciplining or promoting employees found in § 610.021(3); and the exemption for individually identifiable personnel records found in § 610.021(13). 778 S.W.2d at 353–56. None of these exemptions was found to be applicable to the separation agreement at issue in *Librach.* Thus, the

entire agreement was required to be disclosed and there was no occasion to consider whether some portions of the agreement should be redacted and others disclosed. *Id.* at 356.

Once a record or a portion thereof is found to fall within an exemption, the issue of whether the record should be redacted and portions thereof released is governed by § 610.024.1, which provides:

**610.024. Public record containing exempt and nonexempt materials, nonexempt to be made available—deleted exempt materials to be examined, exception.—**

1. If a public record contains material which is not exempt from disclosure as well as material which is exempt from disclosure, the public governmental body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying.

Under the plain language of the statute, the threshold issue in determining whether a record should be redacted is whether the record contains material which is not exempt from disclosure as well as material that is exempt. Therefore, in considering a record containing material found to be exempt under § 610.021(1), the issue presented is whether the settlement agreement contains any material that does *not* "relate to ... (1) Legal actions, causes of action or litigation involving a public governmental body...." § 610.021(1).

In this case, the agreement in its entirety meets the requirements of § 610.021(1). Each provision of the agreement must be upheld by either Employee or City to effectively release the other from potential litigation. The agreement addresses nothing which is unessential to the resolution of the outstanding controversy between the two. Therefore, every provision of the settlement agreement relates to a legal action, cause of action or litigation and may accordingly be exempted from disclosure.

We hasten to add, however, that this does *not* mean that Reporter cannot obtain information about Employee's salary, position and status from other sources. As the Deputy

**120**

City Counselor pointed out in his response to Ms. Tuft's request for information, such information should be readily available from the Comptroller's Payroll Section, whose records do not relate to litigation and thus are not exempt from disclosure under § 610.021(1). Thus, unless exempt under some other provision of the statute, the Comptroller's records would have to be disclosed. *See* § 610.021(13).

In view of our determination that the entire settlement agreement is exempt from disclosure pursuant to § 610.021(1), it is not necessary to reach or decide City's alternative contention that the agreement or portions thereof are exempt under § 610.021(13). Nor is it necessary to consider Reporter's contentions concerning the propriety of the trial court's stay order and its refusal to award attorney's fees, which are now moot. We affirm that portion of the judgment holding certain provisions of the settlement agreement to be exempt and reverse those portions of the judgment which ordered disclosure. Remand is unnecessary. Pursuant to the authority provided in Rule 84.14, we enter judgment in favor of Defendant City of St. Louis. Costs are assessed in favor of Defendant.

CRANDALL and DOWD, JJ., concur.