The Honorable Timothy P. Green State Representative, District 73 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Green:
This opinion is in response to your questions asking:
 Shall individual board member's closed votes from closed session meetings regarding personnel, Section 610.021 (3) R.S.Mo., be recorded and made public? If so, does this require that all information, public records, and Board minutes upon which such votes are decided to also be made public?
The information you included with your opinion request indicates your questions arise with respect to a school district.
Section 610.021 (3), RSMo Supp. 1996, to which your questions refer, provides:
 610.021. Closed meetings and closed records authorized when, exceptions. — Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
* * *
 (3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body must be made available to the public within seventy-two hours of the close of the meeting where such action occurs;
provided, however, that any employee so affected shall be entitled to prompt notice of such decision during the seventy-two-hour period before such decision is made available to the public. As used in this subdivision, the term "personal information"
means information relating to the performance or merit of individual employees; [Emphasis by underlining added.]n
* * *
In Missouri Attorney General Opinion No. 30-88, this office considered a similar issue with respect to the disclosure required by Section 610.021, RSMo Supp. 1987, relating to the disclosure of any vote relating to litigation. Subsection (1) of Section 610.021, RSMo Supp. 1987, considered in that opinion, provided:
 (1) Legal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys. However, any vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon provided however, in matters involving the exercise of the power of eminent domain, the vote shall be announced or become public immediately following the action on the motion to authorize institution of such a legal action. Legal work product shall be considered a closed record; [Emphasis added.]
In considering the disclosure required under such subsection (1), this office stated on page 3 of the opinion:
 The new statute requires that "any vote relating to litigation involving a public governmental body shall be made public." If strictly construed, this language might indicate that only the number of votes cast for and against an unnamed proposition need be made public. The legislative policy statement prohibits such a narrow construction. "The standard rule of construction calls for a statute to be given a reasonable interpretation in light of the legislative objective." . . . For a vote to be truly "public," a citizen examining the records of the public governmental body is entitled to know as much as if he observed the vote being taken in a public meeting. The word "vote," as used in Section 610.021
(1), RSMo Supp. 1987, should be understood to include the proposition voted upon, any matter or material incorporated or referred to within the proposition, and a means of discerning how each member of the public governmental body case his vote, all of which would be available to someone attending a public meeting. [Emphasis added.]
The discussion in Opinion No. 30-88 was considered by the Missouri Court of Appeals, Eastern District, in Tuft v. City ofSt. Louis, 936 S.W.2d 113, 118 (Mo.App. E.D. 1996). In that case, while the court quoted the portion of Opinion No. 30-88 highlighted above by underlining, the court deemed it unnecessary to determine whether that portion of the opinion quoted above was correct. Following the reasoning of Opinion No. 30-88, we conclude that the provision of Section 610.021 (3), RSMo Supp. 1996, requiring "any vote on a final decision" to be made available to the public includes disclosing how each member of the school board voted.
Further support for this conclusion is found in McQuillin MunCorp § 13.45 (3rd Ed):
 Two principal reasons may be suggested in favor of the requirement that whenever a vote is taken by a local legislative body on a certain proposition, the yeas and nays must be taken and recorded. First, the most important is to obtain a definite and accurate record of the corporate action in order to determine whether all of the mandatory provisions of the charter have been observed. Only in this way may it be ascertained whether the particular act is legal or illegal. Second, another purpose is to make the members of the body feel the responsibility of their action and to compel each member to bear his or her share in the responsibility by making a permanent written record of his or her action which should not be afterwards open to dispute. The inhabitants of the municipality are, as of right, entitled to know clearly the act and vote of every member, of their agents and servants, on every proposition relating to public duties, and a record of such acts and votes should be plainly made in a permanent form so that every inhabitant may have definite information.
In response to your first question, we conclude that the vote to be made available to the public pursuant to Section 610.021
(3) should disclose how each member of the school board cast his or her vote.
Your second question asks if Section 610.021 (3) requires that all information, public records, and board minutes upon which such votes are decided are to be made public. Based on the attachments to your opinion request, we understand when you refer to "information, public records, and board minutes," you are referring to information which was considered by the board prior to the vote being taken.[1]
Section 610.021 (3) only requires "any vote on a final decision" to be made available to the public. The primary rule of statutory construction is to ascertain the intent of the legislature by considering the plain and ordinary meanings of the words used in the statute. Conagra Poultry Co. v. Director ofRevenue, 862 S.W.2d 915, 917 (Mo.banc 1993). The statute requires "any vote on a final decision" to be made available to the public and does not require information which was considered by the board to be made available.
In Tuft v. City of St. Louis, supra, the court addressed Section 610.021 (1), RSMo 1994, which required "any minutes or vote relating to litigation involving a public governmental body" to be made public upon final disposition of the matter voted upon. The court concluded "minutes" and "vote" were all that was required to be made public pursuant to Section 610.021 (1). The court stated:
 The primary rule of statutory construction is to ascertain the legislative intent from the statute's language, to give effect to that intent if possible, consider the words in their plain and ordinary meaning, and when the language is unambiguous, the reviewing court is afforded no room for construction. Brownstein v. Rhomberg-Haglin Assoc. Inc., 824 S.W.2d 13, 15 (Mo.banc 1992). The terms "vote" and "minutes" are not ambiguous and the settlement agreement is neither a vote nor minutes. If the legislature intended that settlement agreements not required to be the subject of a public vote be disclosed, it presumably would have said so. Reporter's interpretation of "minutes or vote" as including a settlement agreement would be more than a liberal construction, it would amount to a substantial expansion of the statute. This is beyond our province.
Id. at 118-119. Consistent with this court decision, requiring more than the "vote" to be made available to the public pursuant to Section 610.021 (3) would be a substantial expansion of the statute. Therefore, in answer to your second question, we conclude that Section 610.021 (3) does not require the school board to disclose information which was considered by the board prior to the vote being taken.
CONCLUSION
It is the opinion of this office that (1) the vote by a school board to hire, fire, promote or discipline an employee of the school district which vote must be made available to the public pursuant to Section 610.021 (3), RSMo Supp. 1996, should disclose how each member of the school board cast his or her vote, and (2) the school board need not disclose the information which was considered by the board prior to the vote being taken.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] In this opinion we only address what information is required to be made available to the public by Section 610.021
(3). We do not address what information is public under other statutory provisions.