**Pamela CALVERT, Respondent,**

v.

**MEHLVILLE R–IX SCHOOL DISTRICT, Appellant.**

**No. ED 78475.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 2001.

Donald J. Ohl, Knapp, Ohl & Green, Glen Carbon, IL, for appellant.

Kevin A. Nelson, Nelson & Wolff, St. Louis, MO, for respondent.

CRAHAN, Judge.

Mehlville R–IX School District ("District") appeals the summary judgment in favor of Plaintiff Pamela Calvert awarding her $10,000 in liquidated damages on her claim that District breached a settlement agreement by disclosing the agreement's existence but not its terms. District asserts section 610.021(1) RSMo 1994 of the Open Meetings and Records Act compels disclosure of a vote settling a lawsuit involving a public governmental body.[1] We reverse.

The material facts are not in dispute. District employed Plaintiff as girl's head track coach from March 1, 1996 to May 31, 1996. Following the non-renewal of her employment contract, Plaintiff filed a claim of gender discrimination against District in United States District Court. Before trial, the parties agreed to settle the dispute. Pursuant to the settlement agreement and release, Plaintiff dismissed her claim against District in exchange for $10,000. The parties signed the settlement agreement on April 22, 1998. Later that month,

---

1. Unless otherwise indicated, all statutory references are to Revised Missouri Statutes 1994.

District, in a closed session, voted on and executed the settlement agreement.

The following month, a reporter contacted Peter Yelkovac, District's attorney, regarding the lawsuit. According to a May 1998 *St. Louis Post Dispatch* article, Yelkovac "confirmed that the district had paid ... Pamela Calvert" but did not reveal the terms of the settlement agreement.

In June 1998, the *Concord Call* and *Suncrest Call* published identical articles, authored by another reporter, addressing Plaintiff's lawsuit. In the articles, John Cary, superintendent of the Mehlville school district, and Celynda Brasher, an attorney representing District through its insurer, confirmed the settlement of the lawsuit but refused to disclose the terms of the settlement agreement.

Plaintiff then sued District for breach of the settlement agreement. She asserted District breached paragraph eleven of the settlement agreement by disclosing the settlement to reporters. Paragraph eleven of the settlement agreement states:

> The District will not publicize or disclose this Agreement either directly or indirectly, through its agents, attorney or accountants, or any other person, either in specific or as to general content, to the public generally, including without limitation, any person or entity, except and only to the extent that the District is lawfully compelled to do so by a court of competent jurisdiction or as hereinafter provided. The parties recognize that disclosure of this Agreement may be required by law, including but not limited to, requests pursuant to the Missouri Open Meetings Act, Mo.Rev.Stat. Ch. 610, or in response to a lawfully issued subpoena. The District's promise to keep confidential this Agreement extends to all persons other than the persons entitled to access this Agreement as designated above, the District's attor-

ney, accountants, financial advisors, or other professionals who have a legitimate need to know the terms in order to render professional advice or services to the District. Otherwise the District agrees not to identify or reveal this Agreement except as otherwise provided herein and agrees that it will direct and bind its accountants, attorney, and agents not to disclose this Agreement. The District further agrees that any unauthorized publication or disclosure of this Agreement by the District shall be considered a material breach, and liquidated damages are agreed by the parties to be equal to the sum of $10,000 set forth in paragraph 2.

Plaintiff moved for summary judgment on the grounds that the "undisputed facts establish [District] publicized, disclosed, revealed and identified the existence of the Settlement Agreement and Release in breach of the Agreement's provisions that no such publication, disclosure, revelation, or identification would be made by [District]." District moved for summary judgment, in part, on the grounds that it was required under section 610.021(1) of the Open Meetings and Records Act to make its vote approving the settlement public upon final disposition of the lawsuit.

After a hearing, the trial court granted Plaintiff's motion for summary judgment, denied District's motion for summary judgment, awarded Plaintiff $10,000 in damages and taxed costs against District. This appeal followed.

The standard of review on appeal regarding summary judgment is essentially de novo. *ITT Commercial Fin. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria for testing the propriety of summary judgment are no different from that which should be employed by the trial court to determine the propriety of sus-

taining the motion initially. *Id.* Summary judgment will be upheld on appeal if there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. *Id.* The propriety of summary judgment is purely an issue of law. *Id.* Accordingly, an appellate court need not defer to the trial court's order granting summary judgment. *Id.* The court will review the record in the light most favorable to the party against whom judgment was entered, and will accord the non-movant the benefit of all reasonable inferences. *Id.*

In its first point on appeal, District urges it did not breach the confidentiality provision of the settlement agreement by confirming the existence but not the terms of the settlement because the Open Meetings and Records Act, section 610.010 *et seq.*, requires that District make public its vote approving the settlement agreement. We agree.

Section 610.011.1 provides that "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." Section 610.011.1 further states "[s]ections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy." *See generally Librach v. Cooper,* 778 S.W.2d 351, 353 (Mo.App.1989); *North Kansas City Hosp. Bd. of Trustees v. St. Luke's Northland Hosp.,* 984 S.W.2d 113, 119 (Mo.App.1998).

Section 610.021(1), referred to as the litigation exception, provides:

[A] public governmental body is authorized to close meetings, records, and votes, to the extent they relate to . . . [l]egal actions, causes of action or litigation involving a public governmental body. . . . However, any minutes or vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon. . . . [2]

Under section 610.021(1), District is obligated to make public "vote[s] relating to litigation . . . upon final disposition of the matter voted upon." It is undisputed the settlement agreement disposed of Plaintiff's lawsuit. District was therefore required to make public its vote approving the settlement agreement under section 610.021(1), and thus required to disclose the existence of the settlement agreement.

Plaintiff argues District is not obligated to disclose the settlement of her lawsuit as the settlement agreement is neither a "vote" nor "minutes" under section 610.021(1). She urges the vote approving the settlement agreement may remain closed as it relates to "litigation involving a public governmental body."

Plaintiff relies upon *Tuft v. City of St. Louis,* 936 S.W.2d 113 (Mo.App.1996), to support her interpretation of section 610.021(1). In *Tuft,* an employee of the City of St. Louis was demoted amid allegations of improper behavior at an office

**2.** Section 610.021(1) RSMo 2000, amended in 1998, currently provides, in relevant part, that:

[A]ny minutes, vote or settlement agreement relating to legal actions, causes of action or litigation involving a public governmental body or any agent or entity representing its interests or acting on its behalf or with its authority, including any insurance company acting on behalf of a public government body as its insured, shall be made public upon final disposition of the matter voted upon or upon the signing by the parties of the settlement agreement, unless, prior to final disposition, the settlement agreement is ordered closed by a court after a written finding that the adverse impact to a plaintiff or plaintiffs to the action clearly outweighs the public policy considerations of section 610.011[.]

party. *Id.* at 115. Employee denied the allegations and requested an administrative hearing. *Id.* Prior to the hearing, employee and the city agreed to settle the dispute. *Id.* A local reporter learned of the settlement and wrote the deputy city counselor requesting the details of the settlement agreement. *Id.* The city refused to release any details of the settlement claiming the agreement, a public record, was closed under section 610.021. *Id.* The reporter sued in equity to force disclosure of the settlement agreement. *Id.* The trial court ultimately determined part of the settlement agreement must be disclosed and part may remain confidential. *Id.* at 115–16.

On appeal, reporter urged the entire agreement must be made public, while the city urged the entire agreement was exempt from disclosure. *Id.* at 115. Reporter asserted the settlement agreement must be disclosed as it terminated all litigation between the employee and the city. *Id.* at 118. Reporter relied upon the portion of section 610.021(1) stating "[A]ny minutes or vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon." *Id.* This court rejected reporter's argument because the settlement agreement was never the subject of a vote. *Id.* We held in favor of the city stating the settlement agreement was exempt from disclosure under section 610.021(1) "because it clearly relates to legal actions, causes of action and litigation." *Id.*

*Tuft* does not support Calvert's argument. In *Tuft*, we held the city could close the settlement agreement from public view because it was never the subject of a vote. *See id.* In the present appeal, however, the record establishes District voted to approve the settlement of Plaintiff's lawsuit. Under section 610.021(1), District is obligated to make public its vote approving the settlement agreement upon final disposition of the matter voted upon. Disclosure of the vote necessarily entails disclosure of the existence of the agreement.

The confidentiality provision of the settlement agreement further provides for such disclosure. Paragraph eleven states: "The parties recognize that disclosure of this Agreement may be required by law, including but not limited to, requests pursuant to the Missouri Open Meetings Act, Mo.Rev.Stat. Ch. 610, or in response to a lawfully issued subpoena." District did not breach the settlement agreement by disclosing the existence of the agreement because section 610.021(1) requires such disclosure. Plaintiff's assertion that the settlement agreement precludes the disclosure of District's vote is refuted by the express terms of the agreement.

For the foregoing reasons, we reverse the judgment.

GARY M. GAERTNER, Sr., P.J., concurs.

DRAPER, J., concurs.